IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ANNAMARIE REITHMILLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:12CV823-WKW |
| ) | |
| ELECTORS FOR THE STATE OF ) | |
| ALABAMA, ) | |
| ) | |
| Defendants. ) | |

**ORDER and RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff Annamarie Riethmiller,[1] proceeding *pro se*, has filed a motion for leave to proceed *in forma pauperis* in this action (Doc. # 2). It is

ORDERED that the motion is GRANTED. However, upon review of the complaint, the court concludes that dismissal of this action prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B)(i).[2]

**Background**

Riethmiller, a resident of Bradenton, Florida, brings this action on her own behalf and on behalf of 650 other "petitioners" against the Electors for the State of Alabama. In a

---

[1] Plaintiff alleges that her last name is "uncertain" (Doc. # 1, p. 1,caption) and that she "no longer [has] certainty as to [her] last name as a direct result of the Obama regime." (Id., p. 5, ¶ 3). However, the notary public's certification on plaintiff's IFP affidavit indicates that the person who signed the affidavit was Annamarie D. Riethmiller. (Doc. # 2).

[2] The statute provides, in pertinent part: "[T]he court shall dismiss the case at any time if the court determines that . . . the action or appeal– (i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

lengthy, rambling affidavit attached to her complaint, she alleges a number of constitutional violations and crimes by the President and other federal and state officials. She alleges that she and the other petitioners were injured by the State of Florida's and the United States' failure to exercise their criminal jurisdiction, and asserts that she has the right and obligation to assert the constitutional rights of the other petitioners. She claims that she notified the President (whom she alleges to be ineligible to hold office, and to have violated the Constitution on numerous occasions while in office) about a psychiatrist who allegedly testified under a fraudulent license in a number of mental health cases in Florida, including those of the other 650 petitioners and plaintiff's ex-husband; she contends that the President, as "the ultimate keeper of the law," is responsible for the failure of the State of Florida and the United States to take criminal action against the psychiatrist, court officials, and other government officials who also engaged in criminal conduct.[3] She alleges that Secretary of State Hillary Clinton is likewise responsible. Plaintiff seeks an injunction preventing the defendants from placing candidate Obama on the ballot for the November 2012 election; she further asks this court to exercise its federal criminal jurisdiction and order that the Federal Crimes Unit open "a formal case" against all of the criminal perpetrators plaintiff has identified in her affidavit as having violated 18 U.S.C. § 241, including President Obama,

---

[3] Plaintiff alleges that she also petitioned the United Nations Security Council to bring these officials to justice before the International Criminal Court. (Doc. # 1). She sued the United Nations Security Council, the International Criminal Court, and Interpol – along with fifty other defendants, including the states of Georgia and New York, in Riethmiller v. Ezell, *et al.*, 8:12cv1796-JSM (M.D. Fla.).

Secretary of State Clinton, various judges and others.[4]

## Discussion

This matter is due to be dismissed for lack of jurisdiction, as the factual allegations of plaintiff's complaint, including those in plaintiff's affidavit – accepted as true and construed in the light most favorable to the plaintiff – do not demonstrate that plaintiff has standing to pursue her claims for relief.[5]

> It is by now well settled that "the irreducible constitutional minimum of standing contains three elements.  First, the plaintiff must have suffered an 'injury in fact' – an invasion of a legally protected interest that is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical.  Second, there must be a causal connection between the injury and the conduct complained of . . . . Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision."

United States v. Hays, 515 U.S. 737 (1995)(citations omitted).[6]  In short, "[a] plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and

---

[4] Plaintiff's affidavit is nearly fifty single-spaced pages in length.  The court here describes generally plaintiff's basic allegations.

[5] See Bischoff v. Osceola County, Florida, 222 F.3d 874, 877-82 (11th Cir. 2000)("As the Supreme Court made clear in United States v. Hays, 515 U.S. 737, 115 S.Ct. 2431, 132 L.Ed.2d 635 (1995), '[t]he question of standing is not subject to waiver . . . . "The federal courts are under an independent obligation to examine their own jurisdiction, and standing is perhaps the most important of [the jurisdictional] doctrines."'").  Because this court resolves the issue of standing on the basis of plaintiff's pleadings and the law, without resolving disputed issues of fact, no evidentiary hearing is required. Cf. Bischoff, 222 F.3d at 879-882 (evidentiary hearing on issue of standing is required where the court must decide disputed factual questions or make credibility findings).

[6] "The party invoking federal jurisdiction bears the burden of establishing these elements.  Since they are not mere pleading requirements but rather an indispensable part of the plaintiff's case, each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, *i.e.*, with the manner and degree of evidence required at the successive stages of the litigation." Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992)(citations omitted).

likely to be redressed by the requested relief." Allen v. Wright, 468 U.S. 737, 751 (1984). Here, plaintiff alleges that she has suffered injury as a result of the violation of the rights of plaintiff's ex-husband and 650 other petitioners by a large number of government officials, including President Obama, none of whom are defendants in this action. She sues the "Electors for the State of Alabama,"[7] who are not among those alleged to have engaged in unlawful conduct. Essentially, plaintiff asks this court to find candidate Obama to be ineligible to hold the office of President (as he allegedly is not a "natural born" citizen), and to punish him for various alleged infractions committed while he has held that office, by enjoining the electors of this state from placing candidate Obama's name on the November 2012 ballot. She further asks the court to order that criminal proceedings be initiated against President Obama and various state and federal government officials.

To the extent that plaintiff alleges injury by virtue of having an ineligible candidate placed on the ballot by electors in Alabama (a state in which she does not reside), any such injury does not confer standing on the plaintiff. The Supreme Court has "consistently held that a plaintiff raising only a generally available grievance about government – claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large – does not state an Article III case or controversy." Lujan, 504 U.S. at 573-74 (1992).

---

[7] Plaintiff has sued the electors of other states in other federal lawsuits she has filed recently. See, *e.g.*, Annamarie v. Electors for the State of Colorado, 1:12cv2536-BNB (D. Colo.); Annamarie v. Electors for the State of Wisconsin, 2:12cv977 (E.D. Wis.); Anna Marie D. Riethmiller v. Electors for the State, 1:12cv906-RJA (W.D.N.Y.); Annamarie (?), Last Name Uncertain , and 649 Others v. Electors for the State of Delaware, 1:12cv1197-UNA (D. Del.).

See also Warth v. Seldin, 422 U.S. 490, 499 (1975)("[W]hen the asserted harm is a 'generalized grievance' shared in substantially equal measure by all or a large class of citizens, that harm alone normally does not warrant exercise of jurisdiction."); Berg v. Obama, 586 F.3d 234, 240 (3rd Cir. 2009)("Even if we assume that the placement of an ineligible candidate on the presidential ballot harmed Berg, that injury, ... was too general for the purposes of Article III: Berg shared ... his 'interest in proper application of the Constitution and laws, ... *pari passu* with all voters; and the relief he sought would have 'no more directly and tangibly benefit[ed] him than ... the public at large.")(citations omitted).

To the extent that plaintiff alleges injury arising from the failure of the State of Florida and/or the United States to exercise criminal jurisdiction over the President and other individuals, she alleges no "injury in fact" sufficient to support standing and the defendants she has sued – the Electors for the State of Alabama – have no authority to redress the alleged injury. Plaintiff has no entitlement to the criminal prosecution of another and, thus, has not suffered a legally cognizable "injury" by virtue of the non-prosecution of others.[8]

---

[8] See Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973)("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another. Appellant does have an interest in the support of her child. But given the special status of criminal prosecutions in our system, we hold that appellant has made an insufficient showing of a direct nexus between the vindication of her interest and the enforcement of the State's criminal laws. The District Court was therefore correct in dismissing the action for want of standing[.]"); O'Berry v. State Attorneys Office, 241 Fed. Appx. 654, 647 (11th Cir. 2007)(unpublished opinion)("O'Berry attempted to file his complaint pursuant to §§ 241 and 242. However, as the magistrate judge and the district court surmised, O'Berry could not force the U.S. Attorney General to bring a criminal prosecution against the defendants.").

Additionally, the defendants plaintiff has sued lack the authority to initiate any such prosecution. See U.S. CONST. AMEND. XII; Fitzgerald v. Green, 134 U.S. 377, 379 (1890)("The sole function of the presidential electors is to cast, certify, and transmit the vote of the state for president and vice-president of the nation."); Ala. Code, § 17-14-31(c). Thus, plaintiff lacks standing to pursue these claims against these defendants. See Okpalobi v. Foster, 244 F.3d 405, 426-427 (5th Cir. 2001)(*en banc*)("Because these defendants have no powers to redress the injuries alleged, the plaintiffs have no case or controversy with these defendants that will permit them to maintain this action in this court. ... [A] state official cannot be enjoined to act in any way that is beyond his authority to act in the first place."); Scott v. Taylor, 405 F.3d 1251, 1259 (11th Cir. 2005)(Jordan, D.J., sitting by designation, concurring)("Standing, moreover, concerns the congruence or fit between the plaintiff and the defendants. . . Thus, in a suit against state officials for injunctive relief, a plaintiff does not have Article III standing with respect to those officials who are powerless to remedy the alleged injury.")

"The federal courts are not empowered to seek out and strike down any governmental act that they deem to be repugnant to the Constitution.  Rather, federal courts sit 'solely, to decide on the rights of individuals,' Marbury v. Madison, 1 Cranch 137, 170, 2 L.Ed. 60 (1803), and must '"refrai[n] from passing upon the constitutionality of an act ... unless obliged to do so in the proper performance of our judicial function, when the question is raised by a party whose interests entitle him to raise it,"' Valley Forge [Christian College v. Americans United for Separation of Church and State, Inc.], 454 U.S. 464, 474

...

(1982)(quoting <u>Blair v. United States</u>, 250 U.S. 273, 279, 39 S.Ct. 468, 63 L.Ed. 979 (1919))." <u>Hein v. Freedom From Religion Foundation, Inc.</u>, 551 U.S. 587, 598-599 (2007). Plaintiff's allegations fail to demonstrate that she has suffered "personal injury fairly traceable to the defendant[s'] allegedly unlawful conduct and likely to be redressed by the requested relief" (<u>Allen</u>, 468 U.S. at 751) and, accordingly, she has not established standing to pursue the claims she brings in this action. This action is legally frivolous and is, therefore, subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

## CONCLUSION

For the foregoing reasons, it is the RECOMMENDATION of the Magistrate Judge that plaintiff's claims be DISMISSED, pursuant to 28 U.S.C. § 1915(e)(2)(B)(I), for lack of jurisdiction under Article III of the United States Constitution.

The Clerk of the Court is ORDERED to file the Recommendation of the Magistrate Judge and to serve a copy on the parties to this action.  The parties are DIRECTED to file any objections to this Recommendation on or before October 16, 2012. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain

error or manifest injustice.  Resolution Trust Co. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993); Henley v. Johnson, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, this 2nd day of October, 2012.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE