IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ANNAMARIE REITHMILLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:12-CV-823-WKW |
| | ) [WO] |
| ELECTORS FOR THE STATE OF ALABAMA, | ) |
| | ) |
| Defendant. | ) |

### **ORDER**

Before the court are the Recommendation of the Magistrate Judge (Doc. # 4) and the Objections to the Recommendation filed by *pro se* litigant Annamarie Riethmiller (Doc. # 5). Plaintiff also objects to the order of this court referring this action to the Magistrate Judge (Doc. # 3), contending that "[i]t is obvious from the order of Magistrate Judge Walker, that the matter was too complex for her to understand." (Doc. # 5 ¶ 1.) Plaintiff has attached a "simplified Petition" to assist this court. (Doc. # 5, at 4–50.) She includes within this petition a motion for appointment of counsel. Upon careful consideration of the record, it is ORDERED as follows:

(1)     Plaintiff's objection to the Order referring this action to the Magistrate Judge is OVERRULED;

(2)     the Clerk of the Court is DIRECTED to docket Plaintiff's "simplified" petition, including its appendices (Doc. # 5, at 4–50), as an amendment to the complaint pursuant to Rule 15(a)(1) of the Federal Rules of Civil Procedure[1]; and

(3)     Plaintiff's motion for appointment of counsel (*see* Doc. # 5, at 20, ¶ 71, and 25, heading of Appendix D) is DENIED.

Plaintiff's Objections to the Recommendation of the Magistrate Judge are without merit. The Magistrate Judge entered her Recommendation, however, on the basis of Plaintiff's original allegations. Because those allegations have now been supplemented, the Recommendation pertains only to the original complaint. The court has considered the allegations of Plaintiff's complaint, as amended, to determine whether they overcome the jurisdictional deficiency identified by the Magistrate Judge. They do not. While Plaintiff claims to have suffered injury personally, in addition to the injury allegedly suffered by the 650 other petitioners, she still fails to allege facts sufficient to demonstrate the constitutional requirement of standing. Even *assuming* that Plaintiff alleges an "injury in fact" sufficient to

---

[1] Plaintiff seeks to have this court consider her "simplified" petition along with the "previous filing." (*See* Doc. # 5, at 18, ¶ 66 ("Through the previous filing, this filing and the attachments the antagonistic interests described are all before the court by proper process or representation.").)

satisfy the first prong of the standing inquiry, her allegations – accepted as true and viewed in the light most favorable to Plaintiff – do not establish the remaining elements of standing, *i.e.*, that her injury is "fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." *Allen v. Wright,* 468 U.S. 737, 751 (1984).

Accordingly, upon an independent and *de novo* review of those portions of the Recommendation to which objection is made, *see* 28 U.S.C. § 636(b)(1), it is ORDERED that Plaintiff's Objections to the Recommendation of the Magistrate Judge are OVERRULED, and that the Recommendation is ADOPTED as to the claims presented by Plaintiff's original complaint.

Additionally, because Plaintiff has failed to demonstrate that she has standing to pursue the claims she asserts in her complaint as amended, Plaintiff's complaint is legally frivolous and fails to state any claim over which this court is empowered to grant relief. Accordingly, it is ORDERED that this action is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B).

An appropriate judgment will be entered.

DONE this 18th day of October, 2012.

        /s/ W. Keith Watkins
CHIEF UNITED STATES DISTRICT JUDGE